IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| BRENDA LYNN GEIGER, et al.<br><br>*Plaintiffs*,<br><br>- against -<br><br>OMEGA RESTAURANT & BAR, LLC,<br><br>*Defendant*. | Civil Action No. 2:21-cv-00256 |

### FINAL CONSENT JUDGMENT

**COME NOW**, Plaintiffs BRENDA LYNN GEIGER, CLAUDIA SAMPEDRO, IRINA VORONINA, JESSICA BURCIAGA, JESSICA ROCKWELL, LINA POSADA, LUCY PINDER, MAYSA QUY, PAOLA CANAS and SANDRA VALENCIA (collectively, "Plaintiffs") and Defendant OMEGA RESTAURANT & BAR, LLC ("Defendant" or "Omega"), by and through their respective undersigned counsel, and hereby respectfully petition the Court for entry of this Final Consent Judgment and would show unto the Court as follows:

1. This is an action brought pursuant to, *inter alia*, 15 U.S.C. § 1125(a) relating to advertisements published by Defendant depicting images of Plaintiffs. These advertisements were published using multiple social media venues, including but not limited to Defendant's Facebook and Instagram accounts.

2. Plaintiffs alleged in the Complaint that Defendant used their images without consent or remuneration, and that the advertisements depicted Plaintiff in a manner that implied they were promoting the Defendant's night club, worked thereat, or were otherwise associated,

affiliated, or connected with same.

3. At the time of Defendant's alleged use of each Plaintiffs' images in advertising, Defendant was insured by insurance Policy Number VBA379367 issued by Covington Specialty Insurance Company ("Covington") with the named insured as Omega Restaurant & Bar, LLC ("Omega").

4. Defendants has tendered a request for defense and indemnification to Covington pursuant to the above-referenced policy.

5. In response, Covington initiated a lawsuit against Omega in this Court, Case No. 21-cv-00247-RCY-RJK, wherein it sought a declaration from this Court that it owed Omega neither a duty to defend nor indemnify Omega in this action.

6. Plaintiffs and Defendant have therefore entered into a settlement agreement pursuant to which their answer notwithstanding, Defendant consents to entry of the following judgment for the purpose of compromising disputed claims: a judgment in the amount of ONE HUNDRED AND FIFTY-FIVE THOUSAND DOLLARS ($155,000) (hereinafter, the "Stipulated Judgment").

7. The amount of the Stipulated Judgment is reasonable in light of what a jury might reasonably award in compensation attributable to Defendant's alleged conduct coupled with the amount of attorneys' fees and costs a Court may reasonably award pursuant to 15 U.S.C. § 1117 in the event Plaintiffs prevails at trial.

8. Further, as part of the parties' settlement, Defendant has agreed that once the Stipulated Judgment is entered herein, Defendant will assign to Plaintiffs all of its rights, claims, and causes of action against Covington and its agents, brokers, employees, officers and all other persons or entities to or arising out of (i) any applicable insurance policy or policies;

(ii) the claims made by Plaintiffs' against Defendant herein; and, (iii) any other assignment entered into by and between Plaintiffs and Defendant (the "Assigned Claims).

9. In consideration for these assignments, and effective after such assignments have been delivered to Plaintiff, Plaintiff agrees to not take any action of any kind to assign, document, record, registered as a lien, or collect against Defendant, Omega, the Stipulated Judgment; save and except for Defendant's assets consisting of any and all right, title and interest in the Covington Policy together with all of their respective rights, claims, and causes of action in the Assigned Claims (the "Omega Covenant").

10. Plaintiffs will thereafter dismiss all claims she has asserted in this suit, with prejudice.

11. The Parties settlement is reasonable.

12. The Stipulated Judgment will be the complete and final judgment addressing all claims Plaintiffs have asserted in this lawsuit against Defendant.

13. This Judgment and the agreements and documents referred to herein contain the entire agreement and understanding among the Parties with respect to the subject matter hereof and supersede all prior agreements and understandings, whether written or oral. The Parties are not relying, nor shall in any way rely, upon any oral or written agreements, representations, warranties, statements, promises, or understandings not specifically set forth in this Agreement, and waive any right to assert or claim that they were induced to enter into this Agreement by any representation, promise, statement or warranty which is not expressly set forth in this agreement.

14. Nothing in this Agreement shall be construed as giving any person, firm, corporation or other entity, including Covington, other than the signatory parties hereto, and

their respective successors and permitted assigns, any right, defense, remedy or claim under or in respect to this Agreement or any provision hereof.

15. For all purposes of this Agreement, time is of the essence.

16. The Parties acknowledge and agree that all parties and their counsel participated in negotiating and drafting this Agreement, no rule of construction shall apply to this Agreement which construes any language, whether ambiguous, unclear otherwise, in favor of, or against, any party by reason of the party's role in drafting this Agreement.

17. The motion for entry of judgment is well taken and should be GRANTED.

**IT IS THEREFORE ORDERED THAT:**

A. Judgment is entered in this action in favor of Plaintiffs and against Defendant, Omega, for all claims set forth in the Complaint, in the amount of ONE HUNDRED AND FIFTY-FIVE THOUSAND DOLLARS ($155,000), plus post-judgment interest beginning on the date this judgment is entered until final payment.

B. Plaintiffs shall not assign or, upon the Omega Covenant becoming effective, execute, or otherwise attempt in any manner to collect on the Stipulated Judgment except as to Defendant's assets consisting of any and all right, title and interest in the Covington Policy together with all of their respective rights, claims, and causes of action in the Assigned Claims.

C. Upon the assignment of the Assigned Claims to Plaintiffs by Defendant, the Omega Covenant shall become effective.

D. Within ten (10) days after the Omega Covenant becomes effective, Plaintiffs shall file a stipulation of discontinuance, dismissing all claims against Omega with prejudice.

E. The Court will continue to retain jurisdiction over this matter.

Date: 3-9-22

HON. LAWRENCE R. LEONARD, U.S.M.J.

5